# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3772 | **DATE** | 2/27/2001 |
| **CASE TITLE** | Lamar Thompson vs. Michael Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/28/2001 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Discovery cutoff 5/29/01. Any dispositive motions will be due on or before 6/29/01. Enter Memorandum Opinion and Order. Defendant Sheahan's motion to dismiss [11-1] is granted as to Thompson's Fourteenth Amendment due process claim and his Eighth Amendment claim. Sheahan's motion to dismiss Thompson's Fourteenth Amendment equal protection claim is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 01 2001 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | GP | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING | | |
| | | 01 FEB 27 PM 1: 13 | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAMAR THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 3772 |
| v. ) | |
| ) | Judge Ruben Castillo |
| MICHAEL SHEAHAN, in his official ) | |
| capacity as Sheriff of Cook County, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Lamar Thompson filed this lawsuit under 42 U.S.C. § 1983, claiming that Michael Sheahan, in his official capacity as Sheriff of Cook County, violated Thompson's Fourteenth Amendment rights to due process and equal protection by failing to promptly release him from custody after the expiration of Thompson's misdemeanor sentence. Thompson also asserts an Eighth Amendment claim and a pendent state law claim of false imprisonment. Sheahan seeks dismissal of the lawsuit on the grounds that Thompson failed to state a due process, equal protection, or Eighth Amendment claim. Sheahan does not address the state law claim in his motion to dismiss. For the reasons stated below, we grant Sheahan's motion to dismiss the due process claim and the Eighth Amendment claim, and deny the motion to dismiss the equal protection claim. Finally, we will retain supplemental jurisdiction over the state law false imprisonment claim.

DOCKETED
MAR 0 1 2001

# RELEVANT FACTS[1]

In December 1999, Thompson was arrested on a charge of criminal trespass and placed in custody at the Cook County Department of Corrections ("CCDOC"). On the morning of December 20, 1999, Thompson pled guilty to the charge and was sentenced to four days in jail, with credit for time already served. Thompson's time in custody prior to his sentencing apparently equaled or exceeded four days, so the court's orders and Prisoner Data Sheet noted "Time Considered Served/Time Actually Served" and indicated that Thompson was to be released from custody as of that day. There were no reported additional charges, warrants, or other administrative holds which required additional detention at that time. Thompson was then transported back to the CCDOC, arriving there at approximately noon on December 20. He was released from custody fourteen hours later, at approximately 2:00 a.m. on December 21.

Thompson claims that the fourteen-hour period that elapsed between the time the court authorized his release and the time he actually was released is excessive and constitutes a violation of his Eighth and Fourteenth Amendment rights. Thompson also alleges that, since October 1998, the Sheriff's Office, in processing inmates for release, has followed a policy of preferentially expediting the release of female inmates, and consequently delaying that of male inmates. Thompson asserts that discharge logs maintained by the Sheriff since October 1998 indicate that nearly all female inmates discharged by the court are released within two hours after their return to the CCDOC for processing.

---

[1] The facts recited herein are taken from Thompson's allegations in his amended complaint, which the Court must assume to be true for purposes of this motion. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1992).

Count I of Thompson's amended complaint alleges an equal protection claim under the Fourteenth Amendment and suggests an additional unspecified claim under the Eighth Amendment. (R. 10, Am. Compl. at 5.) Furthermore, while Thompson does not explicitly state a Fourteenth Amendment due process claim, he alleges facts sufficient to infer such a claim, and Sheahan addresses the due process claim in his motion to dismiss. Count II alleges a pendent state law claim that Thompson was "wrongfully detained" in violation of Illinois state law. (*Id.*) Sheahan has moved to dismiss the amended complaint, under Fed. R. Civ. P. 12(b)(6), for failure to state a valid claim for relief under 42 U.S.C. § 1983.

## LEGAL STANDARDS

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not the merits of the suit. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). On a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir. 1993). Any ambiguities are likewise resolved in the plaintiff's favor. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). The Court will only grant a motion to dismiss if it is clear that the plaintiff cannot prove any set of facts that would entitle him to relief. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## ANALYSIS

Thompson brings this action against Michael Sheahan, in his official capacity as Sheriff of Cook County. A suit against a government officer in his official capacity is actually a suit against the government entity for which the officer works. *McMurry v. Sheahan*, 927 F. Supp.

3

1082 (N.D. Ill. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). This action, then, is essentially a suit against Cook County.

Section 1983 provides that any person who, under color of law, causes the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." An action against a municipality is one against a "person" for purposes of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To bring a § 1983 action against a municipality, a plaintiff must allege three things: (1) that he suffered a deprivation of a constitutional right (2) as a result of either an official policy or custom (3) which was the proximate cause of his injury. *Johnson v. City of Chicago*, 711 F. Supp. 1465, 1467 (N.D. Ill. 1989).

## I. Constitutional Rights Allegedly Violated

Thompson alleges that Sheahan violated his rights under the Eighth and Fourteenth Amendments. (R. 10, Am. Compl. at 5.) Thompson does not explicitly set forth the basis of these alleged violations. That deficiency, however, is not legally fatal to his complaint because the liberal federal pleading rules require only that a plaintiff allege sufficient facts to outline a particular cause of action. *Ellsworth v. Racine*, 774 F.2d 182, 184 (7th Cir. 1985) (citations omitted). The reasonable inference we draw in Thompson's favor is that the facts he asserts in his amended complaint allege violations of his Fourteenth Amendment rights to due process and equal protection and his Eighth Amendment right to be free from cruel and unusual punishment.

### A. Due Process Claim

Thompson alleges that Sheahan's failure to discharge him until fourteen hours after he was sentenced to "time served" violated his right to due process. Thompson, however, does not

4

allege that he was entitled to release at any specified time. The Seventh Circuit has previously explained that the Sheriff is generally free to exercise discretion in processing prisoners for release because judges do not normally direct the Sheriff when and where to effectuate a release. *See Lewis v. O'Grady*, 853 F.2d 1366, 1369 (7th Cir. 1988).

Even if we assume for purposes of Sheahan's motion to dismiss that Thompson's fourteen-hour detention constituted a wrongful deprivation of liberty, his due process claim is still not cognizable. Section 1983 does not provide a cause of action for every wrongful or improper deprivation of liberty by a state. *Lundblade v. Franzen*, 631 F. Supp. 214, 217 (N.D. Ill. 1986). Only if other procedural safeguards, including those found under state law, are not adequate may there be a valid § 1983 cause of action. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981).

In this case, the Illinois state law tort of false imprisonment provides an adequate procedural safeguard for a prisoner alleging a due process violation for wrongful custody. *Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985). If Thompson wishes to pursue his claim of wrongful custody, he may bring a state law action for false imprisonment. Therefore, we dismiss Thompson's due process claim.

### B. Eighth Amendment Claim

The Eighth Amendment prohibits excessive bail, excessive fines, and cruel and unusual punishment. Thompson's complaint contains no allegations concerning either bail or fines, so we assume that Thompson is claiming that Sheahan's failure to timely discharge him constituted cruel and unusual punishment.

5

The only punishment Thompson alleges is that he was deprived of his liberty for fourteen hours after his judicial hearing. This claim is essentially indistinguishable from his due process claim described above. As with his due process claim, an adequate remedy in the form of the state law tort of false imprisonment is available for Thompson's alleged Eighth Amendment claim. Therefore, Thompson's Eighth Amendment claim is also dismissed.[2]

### C. Equal Protection Claim

A governmental action that is purposefully not gender-neutral must be substantially related to an important governmental objective or it will be found unconstitutional. *Craig v. Boren*, 429 U.S. 180, 197 (1976). Thompson alleges that in October 1998, the Sheriff's Office implemented a policy of expediting the discharge of female inmates with court-ordered releases. (R. 10, Am. Compl. at 3.) Thompson asserts that there is no corresponding policy or practice for similarly situated male inmates. (*Id.* at 3, 4.) Thompson thus claims that, of the group of inmates scheduled for release pursuant to judicial finding, female inmates are in effect given priority because of their gender. Thompson asserts that this favorable treatment of female inmates deprives him of his Fourteenth Amendment right to equal protection of the law.

Sheahan, on the other hand, argues that he has discretion in processing prisoners for release. (R. 11, Mot. to Dismiss at 3.) Furthermore, this Circuit has previously acknowledged that prison administrators should have a reasonable degree of flexibility in affording different

---

[2] Sheahan cites *Wright v. Sheahan*, No. 96 C 6737, 1997 WL 89135 (N.D. Ill. Feb. 26, 1997), in support of his argument concerning Thompson's Eighth Amendment claim. Sheahan asserts that the *Wright* court found that a ten and one half hour delay in release from prison "did not violate that plaintiff's eight [sic] amendment rights." (R. 11, Mot. to Dismiss at 4.) Sheahan misstates the holding of *Wright*; Plaintiff Wright did not allege any Eighth Amendment violations.

treatment to male and female inmates in the interest of security or other legitimate penological functions. *Madyun v. Franzen*, 704 F.2d 954, 962 (7th Cir. 1983). The release of prisoners who have served their terms "falls squarely within the scope of maintaining institutional security . . . to ensure that only the right prisoners are released." *Wright v. Sheahan*, No. 96 C 6737, 1997 WL 89135, at *3 (N.D. Ill. Feb. 26, 1997).[3]

Thompson, however, alleges that the disparate treatment of male and female inmates is not for reasons of security or other legitimate penological functions but solely due to the fact that Sheahan has established a policy for the prompt release of female detainees and has not established a corresponding policy for male detainees. Thompson claims this disparity in treatment caused him to remain in custody for longer than a female inmate who is similarly situated. We find that Thompson states an equal protection claim.[4]

---

[3] Sheahan erroneously argues that "to have standing to allege an equal protection violation, a plaintiff must be a member of a protected class." (R. 11, Mot. to Dismiss at 2.) He further asserts that Thompson does not have standing because, "'as a man, [he] is not a member of a minority group.'" *Id.* (quoting *Yagnisis v. State of Illinois Dep't of Public Aid*, No. 95 C 2209, 1996 WL 451308, at *5 (N.D. Ill. Aug. 6, 1996)). This partial quote from *Yagnisis*, found in the court's discussion of the plaintiff's sex discrimination claim, is misleading. The full sentence from which the quote is excerpted is: "Yagnisis, as a man, is not a member of a minority group, *and so his claim is one of reverse discrimination*." *Yagnisis*, 1996 WL 451308, at *5 (emphasis added). Furthermore, contrary to Sheahan's assertion, men may validly assert equal protection claims. *See Craig*, 429 U.S. at 210 (holding that "the gender-based differential contained in [the state statute] constitutes a denial of the equal protection of the laws to males aged 18-20").

[4] The Court is surprised that Sheahan has neglected to assert the defense of qualified immunity. It is well-established that "government officials performing discretionary functions generally are granted a qualified immunity and are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (cited in *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001)). The Court has serious doubts as to whether, given the facts in this case, Thompson's equal protection claim is based on a

Sheahan may rebut Thompson's allegation of an equal protection violation either by showing that there is no gender-based classification resulting in substantial disparate treatment for male and female inmates, or, if there is such a classification, by showing that it is substantially related to an important governmental objective. Since both of these depend on proving facts that contradict those asserted by Thompson, neither option is available at the level of a motion to dismiss. Although we question whether this claim would hold up after appropriate briefing on a motion for summary judgment, at this point, we must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of Thompson. Given the motion to dismiss standard, we find that Thompson's equal protection claim survives Sheahan's 12(b)(6) motion to dismiss.

## II. State Law Claim

Thompson asserts, as a pendent state law claim, that he was "wrongfully detained and incarcerated" as a result of Sheahan's "practices, policies, and procedures." (R. 10, Am. Compl. at 5.) As long as a federal court has original jurisdiction of a claim, 28 U.S.C. § 1367(a) dictates that the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "A loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). In the instant case, that requirement is met, and because Sheahan does not address the state claim in his motion to dismiss, we will retain supplemental jurisdiction over the claim.

---

violation of a "clearly established" right. However, because Sheahan has not asserted this defense yet, we will not address it *sua sponte*.

## CONCLUSION

For the foregoing reasons, Defendant Sheahan's motion to dismiss is granted as to Thompson's Fourteenth Amendment due process claim and his Eighth Amendment claim. (R. 11-1). Sheahan's motion to dismiss Thompson's Fourteenth Amendment equal protection claim is denied. (*Id.*) Finally, we will retain supplemental jurisdiction over Thompson's state claim at this point in the litigation. All discovery in this case must be concluded by May 29, 2001. Any dispositive motions will be due on or before June 29, 2001. A status hearing will be held in open court on March 28, 2001 at 9:45 a.m.

**ENTERED:**

Judge Ruben Castillo
United States District Court

Dated: February 27, 2001